UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARNOLD J. HARRIS, | : | |
| Plaintiff | : | No. 1:15-CV-00186 |
| vs. | : | |
| KEVIN KOLLMAN, et al., | : | (Judge Kane) |
| Defendants | : | |

**MEMORANDUM**

**Background**

On January 27, 2015, Plaintiff Arnold J. Harris, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed a 7-page handwritten complaint against the following four individuals who are either employed by or under contract with the Pennsylvania Department of Corrections: (1) Kevin Kollman, a physician at SCI-Huntingdon; (2) Mark McConnell, a physicians assistant at SCI-Huntingdon; (3) Paula Price, R.N., healthcare administrator at SCI-Huntingdon; and (4) Paul Noel, M.D., a physician allegedly located at the Central Office of the Department of Corrections in Mechanicsburg, Pennsylvania. Doc. 1. Harris alleges that his rights under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment were violated by (1) Dr. Kollman when he failed to refer him to a surgeon for treatment of a hernia; (2) physician assistant McConnell when McConnell mis-diagnosed Harris's hernia and failed to order medications for his

prostatitis; (3) nurse Price when she did not authorize treatment for Hepatitis C; and (4) Dr. Noel when he did not authorize treatment for Harris's Hepatitis C. Id.

Along with the complaint Harris filed a motion for appointment of counsel. Doc. 7.  The court denied the motion for appointment of counsel by order of February 4, 2015. Doc. 11. The defendants subsequently waived service of the complaint. Docs. 16, 17 and 19.  On March 20, 2015, defendants Kollman and McConnell filed a motion to dismiss Harris's complaint and a supporting brief in excess of the 15-page limit was filed on June 2, 2015, per leave of court.  Docs. 20, 21, 25 and 26.  On April 9, 2015, defendants Noel and Price filed an answer and affirmative defenses to Harris's complaint. Doc. 24. On June 16, 2015, defendants Noel and Price filed a motion for summary judgment, a statement of undisputed material facts and a supporting brief. Docs. 28, 29 and 30.  The defendants' primary contention in the motions is that Harris failed to exhaust administrative remedies. Harris was advised of his obligation to file opposition briefs in accordance with Local Rule 7.6.  Doc. 9. Harris did not file briefs in opposition as required by that rule.  The briefs were due on April 6 and July 3, 2015, respectively.

On October 28, 2015, this court issued an order which, inter alia, directed that within twenty-one (21) days Harris file briefs in opposition to the motion to dismiss filed by defendants

Kollman and McConnell and the motion for summary judgment filed by defendants Price and Noel.

On November 10, 2015, the court received a letter from Harris which was docketed by the Clerk of Court as a request for an extension of time to comply with the order of October 28, 2015. Doc. 34. By order of November 13, 2015, the court granted Harris an extension of time until December 7, 2015, to file briefs in opposition to the motion to dismiss filed by defendants Kollman and McConnell and the motion for summary judgment filed by defendants Price and Noel. Harris was further advised that failure to do so would result in his complaint being dismissed for failure to prosecute and abide by a court order.

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and

>               non prosequitur entered at common
>               law . . . .  It has been
>               expressly recognized in Federal
>               Rule of Civil Procedure 41(b) . .
>               . .

Id. at 629-30.  The Court of Appeals for this circuit held in Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint.  However, the Court of Appeals did not vitiate the Supreme Court's decision in Link, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order.  Instead, the Court of Appeals specifically stated:

>               In reaching our result, we do not
>               suggest that the district court
>               may never rely on the local rule
>               to treat a motion to dismiss as
>               unopposed and subject to
>               dismissal without a merits
>               analysis.  There may be some
>               cases where failure of a party to
>               oppose a motion will indicate
>               that the motion is in fact not
>               opposed, particularly if the
>               party is represented by an
>               attorney and in that situation
>               the rule may be appropriately
>               invoked.  <u>Nor do we suggest that
>               if a party fails to comply with
>               the rule after a specific
>               direction to comply from the
>               court, the rule cannot be
>               invoked</u>.

Id. at 30 (emphasis added); see also Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ("Poulis did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the Poulis factors[1] need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

      Though the deadline for filing briefs in opposition has long passed, Harris has neither filed a brief nor has he requested an additional extension of time in which to do so since the court imposed the deadline of December 7, 2015.  By order of November 13, 2015, Harris was specifically directed to file briefs in opposition.  The issues set forth in defendants' dispositive motions are not complex and based on the court's review of defendants' supporting briefs, the defendants' motions have merit.

---

1.  The Court of Appeals in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement.  The six factors are:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

The motion filed by defendants Kollman and McConnell has been pending for over 9 months and the motion filed by defendants Noel and Price for over 6 months. This case has been pending for almost one years and any further delay is not warranted. Harris was advised of his obligation to respond to motions in accordance with the Local Rules of Court. Doc. 9. Harris has already been granted two extensions of time to respond to the motions and is personally responsible for failing to oppose the motions. At this point it appears that Harris has wilfully declined to file opposition briefs. The Court finds that the dilatoriness of Harris outweighs any of the other considerations set forth in <u>Poulis</u>. The court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Harris's complaint both for failure to prosecute and for failure to comply with a court order.

An appropriate order will be entered.