```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

ARNOLD J. HARRIS,                   :
                                    :
         Plaintiff                  :   CIVIL NO. 1:15-CV-00186
                                    :
    vs.                             :
                                    :
KEVIN KOLLMAN, et al.,              :   (Judge Kane)
                                    :
         Defendants                 :
```

MEMORANDUM

**Background**

On January 27, 2015, Plaintiff Arnold J. Harris, an inmate at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), filed a 7-page handwritten complaint against the following four individuals who are either employed by or under contract with the Pennsylvania Department of Corrections: (1) Kevin Kollman, a physician at SCI-Huntingdon; (2) Mark McConnell, a physician assistant at SCI-Huntingdon; (3) Paula Price, R.N., healthcare administrator at SCI-Huntingdon; and (4) Paul Noel, M.D., a physician allegedly located at the Central Office of the Department of Corrections in Mechanicsburg, Pennsylvania. (Doc. No. 1.) Harris alleged that his rights under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment were violated by (1) Dr. Kollman when he failed to refer him to a surgeon for treatment of a hernia; (2) physician assistant McConnell when McConnell misdiagnosed Harris's hernia and failed to order medications for his prostatitis; (3) nurse Price when she did not authorize treatment

for Hepatitis C; and (4) Dr. Noel when he did not authorize treatment for Harris's Hepatitis C. Id.

      The defendants waived service of the complaint and, subsequently, filed dispositive motions. (Doc. Nos. 20, 28.) Briefs in opposition to those dispositive motions were due on April 6 and July 3, 2015, respectively.  Because Harris failed to respond to those dispositive motion even after being granted two extensions of time (Doc. Nos. 33, 35), on January 8, 2016, Harris's complaint was dismissed for failure to prosecute. The final extension which the court granted was until December 7, 2015.  (Doc. No. 35.) The court incorporates by reference the reasoning set forth in the memorandum of January 8, 2016, which was filed along with the dismissal order. (Doc. Nos. 36, 37.)

      On January 19, 2016, Harris sent a letter to the Clerk of Court noting that he had been in the restricted housing unit and that was the reason he asked in his motion for extension of time for thirty-days from December 28, 2015, to file a brief in opposition.  (Doc. No. 38.)   The court as noted above gave Harris until December 7, 2015.  In so doing the court stated as follows:

> The court is not persuaded by Harris's claim that he is presently unable to litigate his case because of his confinement in the RHU.  Section 6, subsection A, paragraphs 7 through 9 of Policy Number DC-ADM 801, dated May 20, 2015, and effective July 2, 2015, which was promulgated by the Pennsylvania Department of Corrections pursuant to a state statute provide as follows:
>
> > 7. A [Disciplinary Custody] status inmate shall be

> permitted to maintain in his/her cell any combination of personal property that fits into one standard sized records center box.
>
> 8. Each facility shall establish procedures to permit an inmate to exchange legal materials from his/her cell with stored legal materials once every 30 days. The [Program Review Committee] may authorize more frequent exchanges based upon a demonstrated need that the inmate requires additional exchanges for active litigation. Such legal materials exchange, however, may not exceed one per week.
>
> 9. An inmate in DC status shall be provided access to the facility law library by requesting legal materials and/or by using the mini law library in accordance with Department policy DC-ADM 007, "Access to Provided Legal Services." Other library books may be requested on a weekly basis.
>
> Harris's confinement in the RHU may make it more difficult to prepare legal briefs but such confinement does not preclude such preparation or his ability to prosecute his case. It clearly will not prevent him from responding to the defendants' primary contention in the pending dispositive motions that he failed to exhaust administrative remedies. Consequently, we will deny Harris's request for an extension of time until the end of January, 2016, to file his briefs. However, Harris's briefs in opposition are presently due on November 23, 2015, and in light of his present circumstances, the court will grant Harris a modest extension of time.

(Doc. No. 35.) On February 25, 2016, 48 days after the court closed this case, Harris filed a motion entitled "Motion of Plaintiff Arnold J. Harris for Permission to File a Brief In Support of His Motion to Dismiss Defendants Summary Judgement." (sic) (Doc. No. 39.) The document appears to actually be a brief in opposition to defendants' dispositive motions. To the extent that Harris intends that document to be a motion for

3

reconsideration of this court's order of January 8, 2016, the motion will be denied for the following three reasons. (1) Harris has failed to file a brief in support of the motion for reconsideration; (2) it is untimely filed; and (3) it sets forth no basis for this court to reconsider the dismissal order.[1] Harris, even though confined in the RHU, could have responded to the defendants' dispositive motions which were based on his failure to exhaust administrative remedies.

      An appropriate order will be entered.

                            s/ Yvette Kane
                            Yvette Kane
                            United States District Judge

Date: May 13, 2016

---

[1] Local Rule 7.10 states as follows: "Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after entry of the order concerned. This rule is not applicable to a motion to alter or amend a judgment under Fed. R.Civ. P. 59." A motion under Rule 59 must be filed within 28 days after entry of the judgment.